Gantt, P. J.
This is an appeal from a judgment of the circuit court of New Madrid county quashing an execution issued upon a judgment of said court in favor of the state of Missouri at the relation of George W. Steel, collector of revenue of said county against Hurbert Baker, the respondent herein, for certain delinquent taxes found therein to be due to the state and county and certain special taxes.
The defendant filed his motion in proper time to *487 quash the execution for the reasons that the lands were not and never had been in New Madrid county; that the court had no jurisdiction over the person of defendant nor of the subject-matter of the act. The motion was sustained by the circuit court and the collector appeals therefrom.
I. The sole and only question for our determination is the validity of the act of the general assembly of this state approved March 14, 1872. Session Laws of 1872, p. 23. Prior to that time the land, all of section 35, township 26 of range 14 was in Mississippi county. By the act of 1872 the legislature endeavored to change the boundary lines between Mississippi and New Madrid counties and if the act was valid it placed the land in suit in New Madrid county.
The respondent contended, and the circuit court held, that the said act of March 14, 1872, was unconstitutional as to Mississippi county because in contravention of section 32 of article 4 of the constitution of 1865, Mississippi county not having been mentioned amongthe counties whose boundaries were to be defined or changed; and, second, because the title of the act only indicated that' the act was to “better define,” not to change, the boundaries, and said act was unconstitutional because the area of Mississippi county was reduced thereby when it was already less in area than five hundred square miles.
Section 33 of article 4 of the constitution of 1865 in force as a part of the organic law when the act of 1872 in question was enacted, provided that “no law enacted by the general assembly shall relate to more than one subject and that shall be expressed in the title; but if any subject embraced in an act be not expressed in the title, such act shall be void only as to so much thereof as is not so expressed.”
The title to the act of March 14, 1872, is in these *488 words: “An act to better define the boundary lines between New Madrid, Scott, Stoddard and Wayne counties.” Now, there is in this title not the slightest intimation of any purpose to change the boundary line between New Madrid and Mississippi counties. Moreover Mississippi lying east of .New Madrid and Scott a change of the boundaries between them would not even incidentally affect the boundaries of Mississippi. Such a title gave no notice to the representative of Mississippi county that it was proposed thereby to lop off a portion of said county.
This act demonstrates the wisdom of the constitution in requiring the title to express the subject of the act. It was this very evil the constitution proposed to prevent. The act is a palpable violation of the constitution and so much thereof as purported to change the boundary line between New Madrid and Mississippi counties was unconstitutional and therefore void. State v. Miller, 45 Mo. 495.
Being void, the boundaries of Mississippi county remained as defined in section 84 of chapter 34, Greneral Statutes, 1865, and hence the land against which the circuit court of New Madrid county sought to enforce the taxes was in Mississippi county. The land not lying in New Madrid, the authorities of that county had no power to levy taxes upon .it.
It has been suggested in this connection that the provision of the constitution of 1875, found in section 1 of article 9,- may have the effect of validating this originally futile effort to change the'boundary line between New Madrid and Mississippi counties. That section is as follows: “The several counties of this state, as they now exist, are hereby recognized as legal subdivisions of the state.”
Exist, how? Unquestionably as they existed at *489 that date by virtue of the laws of the state, not by invalid and void enactments on the statute books.
But there is another reason why this section of the constitution ought not to have such a construction, and it is this: The last revision prior to the convention of 1875 was Wagner’s Statutes, and in that revision the boundaries of Mississippi were continued just as they had been in the General Statutes of 1865. No note was made that they were affected by the special act of 1872, page 23, and if the convention must be presumed to have given any special attention to the specific boundaries of the county, it evidently took the lines as defined in these two last revisions. Indeed, in so far as Mississippi county is concerned, this special act has been constantly ignored ever since its passage. The boundaries in the revisions of both 1879 and 1889 remain precisely as they were in 1865.
Under these circumstances, no great amount of private injury can reasonably result from holding the special act of 1872 unconstitutional and void, as but scant respect has been shown it by the legislature since its enactment.
But there is no principle of estoppel in the ease. Had the respondent ignorantly or through mistake paid taxes in New Madrid, he would not be estopped, when he discovered his lands were in Mississippi county, from refusing afterward to recognize the right of the New Madrid authorities to tax him.
Nor is there any reason why this act should not be declared void in this proceeding. It is an attempt to enforce against respondent an illegal charge upon his land, a tax levied by the county court of a county in which his land is not .situated, and by a proceeding in a court whose jurisdiction in this class of cases is expressly limited by the boundaries of the county in which it sits and the land is situated. Though it is a *490 court of “general jurisdiction,” as that term is understood among law writers, its jurisdiction is derived from the constitution and laws of the state, and these laws have confined its right to render judgments enforcing tax liens to those counties in which the land is situated, unless, of course, such suits have been removed to it from other counties in the manner provided by law. But, as a matter of original jurisdiction, the statute is plain that “the action, in the first instance, must be brought in a court of competent jurisdiction of the county where thereat estate is situated.” Being thus limited, an action commenced in a county where the land does not lie is wholly without the sanction of law and binds no one, and any party in interest may attack it collaterally.
The circuit court of New Madrid county correctly held that its judgment was void and quashed the execution, and its judgment is affirmed.
Shekwood and Bubgess, JJ., concur.