THE STATE, CHARLES M. HAWKINS, FISH AND GAME WARDEN, INFORMER, v. THE AMERICAN COPPER EXTRACTION COMPANY, PROSECUTOR IN CERTIORARI.

Argued November 5, 1902—Decided February 24, 1903.

Section 17 of "An act to provide a uniform procedure for the enforcement of all laws relating to fish, game and birds, and for the recovery of penalties for violations thereof," approved March 29th, 1897 (*Pamph. L., p.* 109), is unconstitutional, because its object is not expressed in the title of the act.

On *certiorari.*

Before Justices DIXON and HENDRICKSON.

For the prosecutor in *certiorari, Patrick H. Gilhooly.*

For the defendant in *certiorari, Francis Scott.*

The opinion of the court was delivered by

DIXON, J. The offence complained of in the court below was a violation of section 22 of "An act for the protection of certain kinds of birds, game and fish, to regulate their method of capture and provide open and close seasons for such capture and possession," approved March 22d, 1901. *Pamph. L., p.* 261. This section imposes a penalty of $100 for each offence. The twenty-ninth section enacts that the provisions of the act shall be enforced in accordance with the provisions of the act of March 29th, 1897, the title of which is given at the head of this opinion. The seventeenth section of the act

of 1897 declares that in all cases where a person shall be convicted a second time, double the penalties prescribed shall be imposed upon such second conviction. On the present complaint a penalty of $200 was imposed in accordance with this section 17, and the present *certiorari* is brought to reverse that judgment.

We think section 17 is rendered inoperative by article IV., section 7, paragraph 4, of the constitution, because its object is not expressed in the title of the act. The title relates wholly to procedure and gives no intimation of a purpose to impose or increase penalties.

The recent decision of this court in George Jonas Glass Co. *v.* Ross, is based on a similar distinction.

Section 29 of the act of 1901 does not aid the plaintiff below; for that section merely directs how the provisions of the act of 1901 shall be enforced, and that act authorizes only the penalty of $100.

We incline also to think that the clause in the act of 1901 directing that the penalty for each offence shall be $100, making no distinction between the first and subsequent offences, is i consistent with and therefore overrides the earlier provision that a double penalty should be imposd for each offence after the first.

The judgment should be reversed, with costs.