UNION PACIFIC RAILROAD COMPANY, APPELLANT, V. F. K. SPRAGUE, TREASURER OF MERRICK COUNTY, NEBRASKA, ET AL., APPELLEES.

FILED MAY 20, 1903.   No. 13,131.

1. Constitutional Law: TITLE OF ACT. An immaterial change in the title of a legislative bill, whenever made, is without legal effect.

2. ———: ———. The constitution regards substance rather than form; it requires that the subject of legislation shall be clearly expressed in the title of a bill, but beyond this it does not go; the form of expression is at all times a matter of legislative choice.

3. ———: ———. The title of a bill for an amendatory act is not materially changed by omitting a clause providing for a repeal, in general terms, of all repugnant or inconsistent statutes and substituting therefor a clause providing specifically for the repeal of the amended law.

4. ———: ———. An intention to repeal all laws inconsistent with a proposed measure of legislation is necessarily implied and need not be expressed in the title of a legislative bill.

5. ———: ———. Any provision in a legislative bill which is not clearly expressed in the title can not be enacted into law.

6. ———: ———. The title of chapter 70, laws 1897, was too restrictive to cover a provision enlarging the authority of school boards with respect to the levy of taxes for general revenue.

7. Statute in Conflict with Constitution. A statute in conflict with the constitution yields only to the extent of the repugnancy.

8. Valid and Invalid Portions of Statute. If the valid and invalid parts of a statute are severable and it is apparent that the latter was not an inducement to the adoption of the former, the law will be upheld and enforced to the extent that it is in harmony with the constitution.

9. **Act Valid in Part.** Chapter 70, laws 1897, is valid to the extent that the subject of legislation is expressed in the title.

10. **Act Valid.** Chapter 69, laws 1901, was constitutionally adopted and is valid.

APPEAL from the district court for Merrick county: CONRAD HOLLENBECK, DISTRICT JUDGE. *Reversed.*

*John N. Baldwin* and *Edson Rich,* for appellant.

*John C. Martin, contra.*

SULLIVAN, C. J.

This action was brought by the Union Pacific Railroad Company against the treasurer of Merrick county and the school district of Central City to enjoin the collection of school taxes and for other purposes. The trial court found the issues in favor of the defendants and rendered judgment dismissing the petition. The plaintiff appeals.

The principal question discussed by counsel is: Whether chapter 70, laws of 1897, was adopted in accordance with constitutional procedure and became a valid law. The contention on behalf of the company is that the legislative journals impeach the enrolled bill by showing that it passed the house and senate under a title different from the one which it bore when it was presented to the governor for approval. Without conceding this point, we dispose of it on the assumption that there is in the journals conclusive evidence that the title was altered as alleged. The title of the act as shown by the enrolled bill is: "An act to amend section twenty-four (24), chapter seventy-nine (79), subdivision fourteen (14) of the Compiled Statutes of 1895, to provide for the exclusion of school bond taxes in the computation of the aggregate school taxes under the provisions of this act, and to repeal section twenty-four (24), chapter seventy-nine (79), subdivision fourteen (14) of the Compiled Statutes of 1895." According to plaintiff's theory, which is provisionally ac-

7

cepted, the title of the bill when introduced in the senate, and at the time it passed both branches of the legislature, and at all times prior to its enrollment was: "A Bill for an act to amend section twenty-four, chapter seventy-nine, subdivision fourteen, of the Compiled Statutes of 1895, to provide for the exclusion of school bond taxes in the computation of the aggregate school taxes under the provisions of this act, and to repeal all acts and parts of acts inconsistent herewith."

The first section of the act of 1897 declares:

"That the aggregate school tax, exclusive of school bond taxes, shall in no one year exceed twenty-five mills."

The provision in the original section limiting the taxing power of school boards was:

"That the aggregate school tax shall in no one year exceed two per cent."

Clearly the only purpose of the legislature was to enlarge the taxing power of school boards, and this purpose was as distinctly evidenced by one title as the other. Each was well calculated to apprise the members of the legislature and the public generally that section twenty-four was to be amended in a certain way and that the original section was to be repealed. Whether this thought was conveyed by one form of expression or another is, of course, immaterial. The constitution regards substance rather than form; it requires that the subject of legislation shall be clearly expressed in the title of every bill, but beyond this it does not go; the form of the expression is at all times a matter of legislative choice. We believe it has never been held that the subject of legislation must be expressed in the title of a bill in exactly the same language when the bill receives final legislative assent and executive approval. It may be further remarked that the expression in the title of an intention on the part of the legislature to repeal the amended section, or all acts and parts of acts inconsistent with the new law, was altogether unnecessary. That part of the title served no useful purpose; it had no function to perform; it was a mere redundancy and might

have been stricken out of both titles without changing their meaning or legal effect. An amendatory act can not become effective without expressly repealing the amended statute and repealing by implication all repugnant or inconsistent laws, hence an intention to repeal is always necessarily implied and need not be expressed in order to apprise the members of the legislature and the public that the new law, if adopted, will take the place of the old one.

Another ground upon which it is claimed the act of 1897 was unconstitutional is that the provision authorizing a levy of twenty-five mills was not embraced within its title. The title is restrictive and was evidently not designed to cover legislation increasing the power of school boards to levy taxes for general purposes. The title was made to fit the original bill, which did not contemplate any change in the law with respect to taxes other than school bond taxes. The provision increasing the authorized annual levy from twenty mills to twenty-five mills was a senate amendment, and we are entirely satisfied that the matter which it contained was not clearly or even obscurely expressed in either the original or substituted title. The amendment of section 24, so as to provide for the exclusion of school bond taxes from the authorized levy for general purposes, was the only contemplated change in the law which the title of the bill would indicate or suggest. This being so the conclusion is inevitable that the act as a whole was not constitutionally adopted. The senate amendment must be rejected, but the remainder of the law is valid and will be sustained. A statute in conflict with a higher law yields only to the extent of the repugnancy. If it is apparent that the valid part, considered by itself and standing upon its own merits, would have been adopted by the legislature the courts will uphold and enforce it. *State v. Stuht*, 52 Neb. 209; *Scott v. Flowers*, 61 Neb. 620. The will of the legislature when unrestricted by constitutional limitations and expressed in the manner prescribed by the constitution is the law of the state. The act of 1897 was in the nature of a grant of power. The intention to

grant authority to make a twenty-five mill levy for general revenue is clear. And it is, we think, equally certain that the legislature would have given its assent to the bill if it had been known that the five mill increase provided for by the senate amendment was invalid. The grant of the greater power affords in this case almost conclusive evidence of an intention to grant the less, and satisfies us that the matter contained in the senate amendment was not an inducement to the adoption of the act. We therefore hold that the act of 1897 to the extent that the subject of legislation was expressed in its title was, until repealed, a valid and effective law. *City of Tecumseh v. Phillips,* 5 Neb. 305; *White v. City of Lincoln,* 5 Neb. 505; *Messenger v. State,* 25 Neb. 674; *State v. Moore,* 37 Neb. 13; *Scott v. Flowers, supra; Carothers v. Philadelphia Co.,* 118 Pa. St. 468; *Ex parte Moore,* 62 Ala. 471; *State v. Bankers' and Merchants' Mutual Benefit Ass'n,* 23 Kan. 499; *In re Sackett, Douglass and De Graw Streets, Brooklyn,* 74 N. Y. 95.

Chapter 69, laws of 1901, which amends and repeals the act of 1897, is also involved in this litigation and is assailed as unconstitutional, but the conclusion we have reached with respect to the earlier act removes all doubt as to the validity of the later one. But we may add that if the act of 1897 were held to be unconstitutional we would find no difficulty at all in sustaining the act of 1901. The judgment of the district court is reversed and the cause remanded with direction to render a decree in accordance with the views expressed in this opinion.

REVERSED.