## CROXTON v. TRUESDEL.

1. ELECTIONS—NOTICE—DISPENSARY.—The provisions in the dispensary law requiring twenty days' notice to be given of the location of a dispensary in a township, is mandatory. It is not sufficient that an election of a dispenser be postponed by County Board from day on which it was advertised to be held to a later day, so as to make up twenty days from date of publishing notice to day of election.

2. INJUNCTION—DISPENSARY.—Any citizen who is a taxpayer of a township may maintain an action for injunction to prevent location of a dispensary in the township on ground that preliminary steps

required by the statute to ascertain public opinion on the subject has not been taken, whether he is a qualified voter of the township or not.

3. TOWN OF KERSHAW—IBID.—An incorporated town is a complete entity and the Legislature, having by various declarations recognized the town of Kershaw as a corporation of the county of Lancaster, it is an incorporated town under the provisions of the dispensary law of such county, and that county having voted out dispensaries, the County Board of Control of Kershaw County can not establish a dispensary within the corporate limits of said town on ground that said limits include a part of the territory of Kershaw County.

4. STATUTES—IBID.—The provision in the act of 1906 (25 Stat., 148), striking out that portion of the dispensary act of 1904 prohibiting location of dispensaries in other than incorporated towns except in Beaufort and Horry, being contrary to the intention of the act as indicated in its title, is null and void.

Petition in original jurisdiction of this Court for injunction by W. L. Croxton. J. W. Truesdel *et al.* against Henry Truesdel, John McGaskill *et al.*

*Messrs. Jno. T. Green* and *T. J. Kirkland,* for petitioner.

*Messrs. J. T. Hay* and *Eugene Blakeney,* contra.

November 29, 1906. The opinion of the Court was delivered by

MR. JUSTICE WOODS. By this proceeding in the original jurisdiction of this Court the petitioners ask that the board of control of Kershaw County be enjoined from establishing a dispensary in the town of Kershaw. The order of injunction was made immediately after the hearing and we now state briefly the ground upon which it rests. The answer denies some of the allegations of the petition, but there is no controversy about those facts on which we think the issue depends.

The town of Kershaw, chartered as "the town of Kershaw, in the county of Lancaster," lies on the boundary between that county and the county of Kershaw, about two-

thirds of its area and nine-tenths of its population being in Lancaster County and the remainder in Kershaw. Under the statute known as the Brice Law, by popular election the sale of liquor under the dispensary law was prohibited in Lancaster County, and hence no dispensary could be established in the portion of the town of Kershaw lying in that county. The board of control of Kershaw were taking steps to open a dispensary in the portion of the town lying in Kershaw County, when this proceeding was instituted to enjoin them. The main and decisive question is whether the board of control of Kershaw County have taken the steps required by the statute as a preliminary to opening a dispensary in any given locality. The act of 1904 (24 statute, 486) provides: "There may be one or more county dispensers appointed for each county, the place of business of each of whom shall be designated by the county board of control, but the State Board of Control must give consent before more than one dispenser can be appointed in any county, and when the county board designates a locality for a dispensary, twenty days' public notice of which shall be given, it shall be competent for a majority of the qualified voters of the township in which such dispensary is to be located to prevent its location in such township, by signing a petition or petitions addressed to the county board, requesting that no dispensary be established in that township. A dispensary may be located elsewhere than in incorporated towns in the counties of Beaufort and Horry, and no others, except such as are authorized by special act of the General Assembly." Acting under this requirement of twenty days' notice of the proposed opening of a dispensary in the portion of the town lying in Kershaw County, the county board of control gave to the *Camden Chronicle,* a newspaper published at Camden, the following notice for publication:

*"Notice of Election of Dispenser and Clerk for Kershaw."*

"Notice is hereby given that an election for a Dispenser and Clerk for Kershaw will be held on Friday, June the 8th,

1906. Applicants for these positions must file their applications with the undersigned.

"By order of the Dispensary Board.

"H. TRUESDEL, Clerk."

By a typographical error, "June 8th" mentioned as the day of the election, was changed in the publication to "May the 18th." After the first issue of the paper the notice was corrected and publication continued without further irregularity.

The board of control met on June 8th, in pursuance of this notice, and after receiving a petition and protest of certain citizens of Lancaster and Kershaw counties against the establishment of the dispensary, adjourned until June the 13th, at which time the board elected the respondent, Glover C. Welsh, dispenser, and proceeded with preparations for the opening of the dispensary.

The rule as to general elections held on days fixed by law is that a statute requiring public notice of time and place is to be regarded as directory and not mandatory, for the reason that the law providing for the time and place is presumably known to all without special notice.

But when the election is special and the time and place are not fixed by law, but are to be fixed by some authority named in the statute, those interested are warranted in depending for information entirely on the special notice, and hence the general rule is the notice must be given as required by the statute. 15 Cyc., 322; McCreary on Elections, 138; 90 Am. St. Rep., 70-71; *People* v. *Bates,* 83 Am. Dec., 750; *People* v. *Weller,* 70 Am. Dec., 745.

The statute under which the board of control were acting did not provide for a popular election to decide whether a dispensary should be opened, but that its establishment might be prevented by a petition signed by a majority of the qualified voters. The rule as to the necessity of giving the notice required by the statute when a special election is to be held, applies, however, with still greater force where under the

statute the qualified voters opposed to the measure proposed can prevent its adoption only by preparing a petition and having it signed by a majority. This requires time for reflection, discussion, and presentation of the petition to the voters. For all this the statute has given those interested twenty days after proper notice as a reasonable time and the Court cannot curtail the time by holding such an important provision merely directory. The entire electorate might appear at the polls and .vote by ballot on very short notice, but the obtaining of signatures where each man is to be approached separately requires much more time. Hence we must hold those interested in the matter entitled to the twenty days' notice of the proposition to establish a dispensary and the failure to give notice for that period fatal.

In this instance, the first notice was dated May the 17th and indicated an election to be held on May the 18th. This notice was of no value to the people, for it could but be manifest to all who were opposed that it would be futile to attempt to present the requisite petition against the dispensary in one day. Therefore, at the date of the next publication, naming June the 8th as the day for the election of a dispenser, there had been no notice before the people requiring their action; and the amended notice was not published twenty days before the day named for the election. It is true, the election was postponed one week after June the 8th, and counting this the actual time of the election was more than twenty days from the publication of the corrected notice. But it was not held on the day named in the notice The law does not contemplate that such notices shall be given by piecemeal. The people are entitled to know from the beginning what time will be allowed for taking the steps permitted by the statute to prevent a dispensary being opened, so that they may intelligently plan to utilize the time.

We next notice respondent's position that the petitioners have no right to object to an opening of a dispensary in the portion of the town of Kershaw in the county of Kershaw,

for the reason that it does not appear on the face of the petition that any of the petitioners are qualified voters of the township of Buffalo, in which it is alleged the Kershaw portion of the town is situated. It is true, no signatures to the petition against opening the dispensary will avail except those of the qualified voters, but it does not by any means follow that other citizens, though disqualified by sex, illiteracy or otherwise, have no legal right to object to the opening of a dispensary because the preliminary steps prescribed by the statute looking to the ascertainment of public opinion on the subject have not been taken. Usually only resident taxpayers vote on propositions to issue municipal bonds, but it will not be doubted a non-resident taxpayer may seek the aid of the Court to protect him against bonds about to be issued under a void election. Here one of the petitioners is a resident and a taxpayer of the township in which it is proposed to open a dispensary, and whether a qualified voter or not, we think he has such interest as to entitle him to the aid of the Court to prevent the opening of a dispensary without the notice required by law. Three of the petitioners are citizens of the portion of the town of Kershaw lying in Lancaster County, and being thus linked to the remainder of the town in Kershaw County, it would be carrying technicality to extreme to hold that they have no interest which the Court will recognize in the opportunity required by law to procure the signatures of a majority of the qualified voters of the township in which the Kershaw portion of the town is situated to prevent the opening of a dispensary there.

On this ground the petitioners are entitled to the injunction against opening the dispensary.

But there are other more important reasons for issuing the injunction.

It seems clear that the municipality of Kershaw cannot be regarded an incorporated town of the county of Kershaw within the meaning of the dispensary law. It is true, a

small portion of the town lies in Kershaw County, but it was incorporated as "the town of Kershaw, in Lancaster County," and two-thirds of its area and nine-tenths of its population are in Lancaster County; the intendant and wardens all reside in Lancaster County, and the council chamber, the guard house, the churches, the graded school building, and all the business houses are in Lancaster County. By sections 6 and 15 of the act of incorporation, the town council is authorized to imprison in the county jail of Lancaster County for violations of its ordinances; and in section 16 it is provided that executions for the collection of municipal taxes may be directed to the sheriff of Lancaster County. The act of 1899, 23 Stat., 194, sec. 1558, of Civil Code, provides for holding of elections, "in the towns of Lancaster, Heath Springs and Kershaw, in Lancaster County," for a public cotton weigher for said towns. The magistrate having jurisdiction in the judicial district including the town of Kershaw is a magistrate of Lancaster County. 23 Stat., 684; 24 Stat., 44. Kershaw is a voting precinct of Lancaster County and not of Kershaw County. 23 Stat., 979-980. "School district number 40 of Lancaster County" includes the town of Kershaw. 24 Stat., 1038; 25 Stat., 237.

It is manifest great confusion and conflict would result in the administration of the dispensary law and other laws if a town situated partly in two counties should be regarded as an incorporated town of both counties. An incorporated town is a complete entity, and the General Assembly has in the clearest terms classed the town of Kershaw a municipal incorporation of the county of Lancaster. Therefore, after the county of Lancaster voted out dispensaries, a dispensary could not be established in the portion of the territory of Kershaw County embraced in the town of Kershaw as an incorporated town of that county.

It may be said, however, that while it is true the town of Kershaw is not a municipality of the county of Kershaw, yet the place where it is proposed to establish the dispensary is

part of the territory of Kershaw County, and unless the law forbids the establishment of dispensaries in Kershaw County outside of incorporated towns, then the board of control may, after taking the preliminary steps, establish a dispensary in the portion of the territory of that county contained in the town of Kershaw. Assuming the soundness of this proposition, it cannot avail the respondents, because a dispensary cannot be established outside of the limits of incorporated towns except in the counties of Beaufort and Horry. The only provision of law against the establishment of a dispensary outside of incorporated towns is the following, which appears in all the dispensary acts : "A dispensary may be established elsewhere than in an incorporated town in the counties of Beaufort and Horry and no others, except such as are authorized by special act of the General Assembly." On February 24th, 1906, an act was passed, entitled "An act to amend an act, entitled 'An act to amend section 7 of an act, entitled an act to provide for the election of the State Board of Control, and to further regulate the sale, use, consumption and transportation and disposition of intoxicating and alcoholic liquors or liquids in this State, and prescribe further penalties for violation of the dispensary laws, and to police the same, approved March 6th, 1896,' approved the 25th February, 1904, *so as to repeal the special provision as to Beaufort and Horry."* 25 Stat., 148.

The words we have italicized signified and gave notice to the members of the General Assembly and to the public of a purpose to do away with the exception of Beaufort and Horry counties from the general law prohibiting the establishment of dispensaries outside of incorporated towns, to the end that the restriction should apply to the entire State. In the body of the act, however, it is provided the dispensary law shall be amended by striking out the whole of the following clause : "A dispensary may be located elsewhere than in an incorporated town in the counties of Beaufort and

Horry and no others except such as are authorized by special act of the General Assembly."

Therefore, if the body of the statute is taken to be the law, the establishment of dispensaries outside of incorporated towns would not be forbidden in any part of the State. Therefore, the body of the act evidently not only goes beyond the restrictive title, but purports to make a law precisely the opposite of the enactment which the title indicated to be in contemplation of the General Assembly. The Constitution provides: "Every act or resolution having the force of law must relate to but one subject, and that shall be expressed in the title." It would be difficult to imagine an act falling further away from this requirement. In *Charleston* v. *Oliver,* 16 S. C., 47, 56, the following language from Cooley's Constitutional Limitations is quoted with approval: "The purpose of this and other similar constitutional provisions is said to be: '1st, to prevent *hodge-podge* or "log-rolling" legislature; second, to prevent surprise or fraud upon the legislature by means of provisions in bills of which the titles gave no intimation, and which might, therefore, be overlooked and carelessly and unintentionally adopted; and 3d, to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered, in order that they may have opportunity of being heard thereon, by petition or otherwise, if they shall so desire.' As the legislature may make the title to an act as restrictive as they please, it is obvious that they may sometimes frame it as to preclude many matters being included in the act which might with entire propriety have been embraced in one enactment with the matters indicated by the title, but which must now be excluded because the title has been unnecessarily restricted. The Courts cannot enlarge the scope of the title; they are vested with no dispensing power; the constitution has made the title the conclusive index to the legislative intent as to what shall have operation; it is no answer to say that the title might have been made more comprehensive, if, in fact, the

legislature have not seen fit to make it so." The caution which a Court should observe in declaring statutes not to conform to his constitutional requirement is thus well stated in 26 Am. & Eng. Ency., 574: "This constitutional requirement should not be enforced in any narrow and technical spirit. It was introduced to prevent certain abuses, and it should be reasonably and liberally construed on the one hand so as to guard against the abuses, and on the other hand so as not to embarrass or obstruct needed legislation. The statute should be upheld if possible, doubtful cases being resolved in its favor, and to justify the Court in declaring it in violation of the constitutional inhibition, the objection must be serious and the conflict between the statute and the Constitution plain and unmistakable."

In the case now under consideratoin, not only did the title fail to give notice that the restriction of dispensaries to incorporated towns was about to be removed throughout the State, but it gave positive assurance against such purpose. Under the provision of the Constitution above quoted the attempted legislation cannot have the force of law and the dispensary statutes stand as if no such amendment had been attempted. The authorities on the general subject are too numerous for citation, but the following cases are referred to as holding invalid statutes analogous to that now under consideration: *Charleston* v. *Olievr, supra; State* v. *Crosby,* 51 S. C., 248; *In re State Bill No. 23,* 48, p. 647, Co. 10; *Luman* v. *Hoechens Bros. Co.,* 44 A., 1051 (Md.); *Crowther.* v. *Insurance Co.,* 85 Fed. Rep., 41; *People* v. *Martin,* 53 N. E., 309 (Ill.); *Union P. R. Co.* v. *Sprague,* 95 N. W., 46 (Neb.); *State* v. *Baker,* 31 S. W., 924 (Mo.); *Wilcox* v. *Paddock,* 31 N. W., 609 (Mich.); *Payne* v. *School District,* 31 A., 1073 (Penn.); *Hawkins* v. *Copper Co.,* 54 A., 523 (N. J.); *George Jonas Glass Co.* v. *Ross,* 53 A., 675 (N. J.); *State* v. *Bradt,* 53 S. W., 942 (Tenn.).