8221

McKERALL v. ROAD AND HIGHWAY COMMISSION OF
MARION COUNTY.

STATUTES—CONSTITUTIONAL LAW—COUNTY SUPERVISOR.—So much of the act of 1912, 27 Stats., 957, entitled, "An act to provide for the levy of taxes for county and State purposes for the fiscal year beginning January 1, 1912," as relates to the disposition of the convict labor of Marion county and as purports to curtail his official duties and to abolish his office is unconstitutional, in that none of these subjects are referred to in the title of the act contrary to the provisions of article III, section 17, of the Constitution.

Petition in the original jurisdiction of this State by George C. McKerall for injunction against the Road and Highway Commission of Marion county.

*Mr. J. D. McLucas,* for petitioner.

*Messrs. L. D. Lide* and *J. W. Stackhouse,* contra.

May 30, 1912. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This proceeding for an injunction involves the constitutionality of a clause of the general tax act, 1912, purporting to provide for the disposition of the convict labor of Marion county, to relieve the supervisor of that county of certain duties and powers therein mentioned and to confer them on the board of highway commission of the county, and to abolish the office of supervisor on January 1, 1913.

By an act approved February 26, 1910 (26 Stat. 945), provision was made for the issuance by the county of Marion of bonds for permanent road and highway improvement to the amount of $100,000. Five citizens were named in the act as constituting the board to be known as the road and highway commission for Marion county, and upon this commission was placed the duty of issuing the bonds and applying the proceeds to the building and improvement of public roads of the county. The statute did not abolish the office of supervisor, nor did it contain any express curtailment of his powers except the following clause:

"That it shall be the duty of the county supervisor of said county to assist and co-operate with said commission in carrying on the work herein provided for, and to furnish for the use of said commission the chain gang and road machinery of said county whenever requested to do so by said commission."

By a later act, approved February 14, 1911 (27 Stat. 342), it was enacted:

Section 1. *"Be it enacted* by the General Assembly of the State of South Carolina, That the supervisor of Marion

county be, and he is hereby, required upon the approval of this act by the Governor, to turn over to the road and highway commission of Marion county the chain gang and all other convicts hereafter sentenced to work on the public works of said county, together with all other property belonging to said county, used by him in operating said chain gang, which said highway commission may select, taking their receipt therefor, and when he has done so his responsibility for the same shall cease.

Sec. 2. "That the said supervisor shall also consult with said road and highway commission before undertaking any road improvement, or bridge building, or repairs where the cost of the same will exceed the sum of one hundred dollars.

Sec. 3. "That the failure of said supervisor to perform the duty herein required of him shall cause him to be liable as for malfeasance or misfeasance in office."

This statute changed the powers and duties of the supervisor only to the extent that he was relieved of all control of the chain gang and other convicts sentenced to work on the public works of the county. In all other respects the important duties and powers conferred on the supervisor by section 755 of the Civil Code remained unimpaired.

At the 1912 session of the General Assembly the act providing for the levy of taxes for State and county purposes was passed under the title, "An act to provide for the levy of taxes for county and State purposes for the fiscal year beginning January 1, 1912." The section of the act relating to the tax levy for Marion county contained the following as a proviso:

"*Provided,* That the road and highway commission for Marion county are hereby required to furnish to the municipal authorities of the town of Marion and the town of Mullins, such convicts to labor on the streets of said towns as will repay said towns one-half (½) of the time that said town authorities had given to the county during the year 1911; said convicts to be furnished thirty (30) days after

written notice requesting the same from the mayors or other officials of said towns. That the duties of the offices of county supervisor for Marion county, in so far as they relate to roads, bridges, and ferries in said county, are hereby transferred to and devolved upon the highway commission of said county, and said supervisor shall be under the direction and control of said commission, and perform such duties as shall be laid upon him and required of him by said commission, and upon his performing such duties, said commission shall pay his salary as now fixed by law until the 1st day of January next, when said office shall be abolished and become vacant, and all other duties of the office of county supervisor of Marion county, not laid upon the highway commission of said county, by the foregoing words, are hereby devolved upon the two county commissioners of said county."

The petitioner, as a citizen and taxpayer, alleges that the highway commission intends to undertake the duties of the office of supervisor under the act, and to furnish convicts to labor on the streets in the towns of Marion and Mullins as provided by the act, that the supervisor, D. J. Martin, is failing and refusing to work under the direction and control of the road and highway commission.

In this alleged state of conflict as to the conduct of the public offices of the county, the petitioner asks the Court to enjoin the road and highway commission from attempting to carry out the provisions of the clause of the statute above cited, on the ground that it is in conflict with article III, section 17 of the Constitution, which requires that "every act or resolution having the force of law shall relate to but one subject and that shall be expressed in the title."

This Court has given a very liberal interpretation to the section of the Constitution just quoted, but to sustain the legislation here attempted would require complete disregard of the constitutional requirement. There is not the least hint in the title of the tax act of a purpose to dispose of the

convict labor of Marion county or to take away from the
supervisor any of his official powers or to abolish his office.
The case, therefore, falls within the evil against which the
constitutional provision is directed.

"The purpose of this and other similar constitutional pro-
visions is said to be: '1st, to prevent hodge-podge or "log-
rolling" legislation; 2d, to prevent surprise or fraud upon the
legislature by means of provisions in bills of which the titles
give no intimation, and which might, therefore, be over-
looked and carelessly and unintentionally adopted; and, 3d,
to fairly apprise the people, through such publications of
legislative proceedings as is usually made, of the subjects of
legislation that are being considered, in order that they may
have opportunity of being heard thereon, by petition or
otherwise, if they shall so desire.'" *Charleston* v. *Oliver,*
16 S. C. 47; *State* v. *Fields,* 68 S. C. 148, 46 S. E. 771;
*Croxton* v. *Truesdel,* 75 S. C. 418, 56 S. E. 45; *State ex rel.
Fooshe* v. *Burley,* 80 S. C. 127, 61 S. E. 255.

It is, therefore, adjudged that the portion of the act of
1912 above quoted, is unconstitutional, and that the road
and highway commission for Marion county be enjoined
from attempting to carry it into effect.