## FERRELL et al. v. HARRIS COUNTY FRESH WATER SUPPLY DIST. NO. 23 et al.

### No. 12280.

Court of Civil Appeals of Texas. Galveston.

May 31, 1951.

Rehearing Denied June 21, 1951.

J. Edwin Smith, Houston (Allen, Smith, Neal & Lehmann, Houston, of counsel), for appellants.

Garvey Brown and Cyril J. Smith, Houston (Brown & Miller, Houston, of Counsel), for appellees.

CODY, Justice.

This is a contest of a $650,000 bond election held in Harris County Fresh Water Supply District No. 23, brought by R. W. Ferrell and six other qualified voters, property owners, and taxpayers of said district.

The parties have stipulated that the sole issue presented on this appeal is "Whether the election held on July 31, 1950, having been called by order of the Board of Supervisors under date of June 28, 1950, is a valid election." The statute authorizing "election for bonds" here involved is R.S. Art. 7931 which reads in part "After the establishment of any district, and the qualification of the supervisors thereof, the board may order an election to be held within such district at a time not less than twenty nor more than thirty days from the date of said order * * *".

There were approximately sixty qualified voters in the district. The election was carried in favor of the bonds by a vote of twenty four to nine, two votes for and two against the issuance of the bonds were not counted by the election officials for legal reasons.

Upon the trial it developed that the bond election had been ordered at a board meeting held on June 28, 1950, which was thirty three days prior to the following July 31, the date for which the election was ordered to be held and on which it was held. The trial court allowed the contestants to file the trial amendment alleging that the election was void because the order therefor "was made and entered more than thirty days prior to the date of the election". The contestees filed an amended answer to contestants' said trial amendment and alleged that the Board met on July 5 and readopted the order which had been passed June 28.

The trial court was of the opinion that contestants had failed as a matter of law to make a case to go to the jury upon the various grounds they had alleged in their contest except the ground set up in their said trial amendment and the Court submitted the issue to the jury of whether the Board met on July 5 and readopted the order of June 28. The jury found in favor of the contestants that this had not been done.

The Court, however, refused to hold for contestants and ruled that the holding of the election more than thirty days after the entry of the order calling such election in no way affected the result of the election and the Court considered that a directed verdict for defendants (contestees) should have been given. From the judgment of the Court the contestants have appealed and predicate their appeal upon these points:

I. The election was held on a date prohibited by statute and was void.

II. A void order for an election can be raised in an election contest.

III. It is immaterial that the defect in the order may not have affected the result in the vote.

We overrule appellants' points.

This, being an election-contest, is not a civil suit, but a special proceeding prescribed by law, and courts are limited in their investigation to such subjects as are prescribed in the statute. This proceeding is governed by the general election contest statute, Art. 3054, which provides for courts adjudging void an election for offices void upon the grounds therein specified: Art. 3069 provides that the contest proceeding calling in question the validity of an election held for any other purposes than the election of an officer is governed by the same rules, as far as applicable, "as are prescribed in this chapter for contesting the validity of an election for a county office." See Schrock v. Hylton, Tex.Civ.App., 133 S.W.2d 175, and authorities there cited. The cited case was an election contest arising in a Fresh Water Supply District.

Art. 3054, supra, provides that if it is impossible to ascertain the true results of the election, about which the contest is, either from the returns of the election or from any evidence within reach, or from the returns considered in connection with other evidence, or should it appear from the evidence that such a number of legal voters were denied the privilege of voting as, had they been allowed to vote, would have materially changed the result, the Court shall adjudge such election void and direct a new election to be held.

■ The right to vote is a constitutional one, and while the Legislature may impose regulations to ascertain the expressed will of the electors participating in the election, and to secure the fairness, purity and honesty of the election, and the determination of the result, only such regulations which from their very nature are deemed absolutely essential to accomplish the purposes of constitutional suffrage are deemed mandatory. Schrock v. Hylton, supra, at 133 S.W.2d 178, and authorities cited.

In this case more than sixty per cent of the District's voters participated, and the election carried about three to one. There is no complaint that sufficient notice of the time and place of the holding of the election was not given. There is no complaint that the will of the majority on the issue submitted was not fairly and honestly recorded. The only complaint is that the Board exceeded its authority, or violated the law in fixing the election thirty three days from the entry of the order instead of thirty days. In a word, contestants would have the validity of the election turn upon a mere technicality that had no effect upon the outcome of the election, sacrifice substance to form.

■ In an election contest relating to the validity of an amendment to the constitution which was submitted to the voters at a general election, our Supreme Court held in Cartledge v. Wortham, 105 Tex. 585, 588, 589, 153 S.W. 297, 298, "It is an established principle that time is of the substance of an election, and, if it be held at a time not authorized by law, a valid election does not follow. But if it be held at the time named in the law as the time certain therefor, and

its integrity in the vital elements of freedom in the vote and fairness in the count be not impugned, for reasons that are fundamental the powers of a court should be devoted to the protection of its result unless its being held at such time was manifestly illegal." Election contest statutes relative to elections on proposed constitutional amendments, and elections on local option do not come under Art. 3054. The Supreme Court said, for instance, in reference to a contest of an election to change the location of a county seat, (whether by way of dicta we do not feel called upon to pass), "Hence the important matter in every election is that the will of the voters should be fairly expressed, correctly declared, and legally enforced. *Compared to this, the question as to the manner and time of ordering the election is of trivial moment.*" Scarbrough v. Eubank, 93 Tex. 106, 108, 53 S.W. 573, 574 (Emphasis supplied.)

■■ Here the time for holding the election was specified for a day certain, a day at which the voters would have the unconditional opportunity to express their will upon the issue to be submitted, and no such question is presented as was before the court in Cartledge v. Wortham, which, as stated above, arose under a different election contest statute. It is not suggested by the pleadings or the evidence that the date of the election was fixed by the Board at more than thirty days from the entry of the order for any improper motive, or that it had any improper effect. Under no definition of "substance" of which this Court is aware could it be said that the fixing of the election thirty three days distant was a violation of the substance of the voters' constitutional right to vote at the election in question. It would be arbitrary, it seems to us, to hold that the provisions of Art. 7931, authorizing the Board to call a bond election not less than twenty nor more than thirty days from the date of the order was other than directory, in view of the fact that no other or different result would have attended the election here under attack had its date been set strictly within the period fixed by the directive of the statute.

We affirm the judgment.