George W. CHRISTY et al., Appellants,

v.

W. S. WILLIAMS et al., Appellees.

No. 12961.

Court of Civil Appeals of Texas.

Galveston.

May 31, 1956.

Rehearing Denied June 28, 1956.

Lloyd M. Lunsford, South Houston, for appellants.

Robert R. Breaker, La Porte, Homer T. Bouldin, Houston, for appellees.

CODY, Justice.

This is a contest of a special bond election which was held in the City of South Houston pursuant to the resolution which called for two propositions to be voted on. The resolution provided for the ballots to have printed thereon the following:

"Official Ballot

Proposition No. One

For                                    Against

The Issuance of $125,000 Waterworks System Improvements and Extensions Revenue Bonds

Proposition No. Two

For                                                    Against

The Issuance of $175,000 Sanitary Sewer System Improvements and Extensions Revenue Bonds"

The aforesaid bonds are water and revenue bonds and are not bonds to be paid by taxation. The election was held on April 5, 1955. The contest was brought under Art. 9.30, V.A.T.S., Election Code. At this point it is sufficient to state that the court, trying the contest without a jury found against the contestants and intervening contestants, and declined to declare the bonds void and refused to grant the aforesaid contestants a permanent injunction restraining the sale of said bonds, which was requested in the pleadings of the contestants and intervening contestants.

Pursuant to contestants' request, the court filed conclusions of fact and law; whereupon contestants, not being satisfied, filed a request for additional findings. The court's findings are amply sufficient to support its judgment. However, appellants attack such findings as not being supported, or insufficiently supported, by the evidence, through ten points, upon which they predicate their appeal.

Appellants have not complied with T.R.C.P. Rule 418, Sec. (b), wherein it is provided that the points "should ordinarily be so concisely stated that they may appear, separately numbered, on a single page of the brief."

This special election contest is not a civil suit, of course, but a special proceeding prescribed by law, and the courts are limited in their investigation of such subjects as are prescribed by statute. Ferrell v. Harris County Fresh Water Sup. Dist. No. 23, reported in Tex.Civ.App., 241 S.W.2d 242, 243. It is well settled that laws requiring notice of general elections are usually held to be directory only. However, it is "usually held that the required notice of a special election constitutes a condition upon which authority is granted to hold the election, and that there must be a substantial compliance with the law." Turner v. Lewie, Tex.Civ.App., 201 S.W.2d 86, 88 (writ dismissed). Art. 1118a, § 2, V.A.T.S., provides in effect that no system such as appellees were seeking to subject to an encumbrance should be "sold until the same was authorized by a majority vote of the qualified voters of such city; * *. Such vote where required shall be ascertained at an election of which notice shall be given in like manner and which shall be held in like manner as in the cases of the issuance of municipal bonds of such city." [1]

We hold that the propositions which were to be voted upon by the citizens of South Houston were submitted to the qualified voters in compliance with R.C.S. Articles 701, 702, 703 and 704. These Articles contain the requirements as to the submission of the propositions for the issuance of bonds to the qualified property tax paying voters of the city, and the requirements with reference to the question to be submitted; and enumerates what the propositions shall specify, and the requirements with respect to the notice that shall be given, and how the same shall be given. The last Article referred to, 704, concludes with this language, "The provisions of this Article shall control over any city charter provisions to the contrary. *Except as herein provided, the manner of holding said election shall be governed by the laws governing general elections.*" (Emphasis supplied.)

One of the requirements of Article 704 is that the notice of the election shall "be published on the same day in each of two (2) successive weeks in a newspaper of general circulation published within said * * * town, * *. *."

It is appellants' contention that the notice of the election was not published in a

1. The statute quoted from has been held in City of Dayton v. Allred, Tex.Com. App., 123 Tex. 60, 68 S.W.2d 172, to include incumbrances of the revenue. Such holding was adopted by the Supreme Court.

newspaper of general circulation and, further, that the newspaper in which the notice was published did not comply with Art. 28a, §§ 2 and 5. And that since the bond election was a special, as distinguished from a general, election, that it was essential to the validity of the election that the requirements as to notice be strictly complied with, citing Turner v. Lewie, 201 S.W.2d 86 (writ dismissed), supra.

Art. 28a, which appellants contend appellees disregarded in giving notice of the election, and so rendering the election void, reads, so far as here material, as follows:

"Art. 28a. Legal publications, definitions

"The following terms shall, unless the context indicates otherwise, have the following respective meanings:

\* \* \* \* \* \*

"(2) The term 'newspaper' shall mean any newspaper devoting not less than twenty-five (25) per cent of its total column lineage to the carrying of items of general interest, published not less frequently than once each week, entered as second class postal matter in the county where published, and having been published regularly and continuously for not less than twelve (12) months prior to the making of any publication mentioned in this Act.

\* \* \* \* \* \*

"(5) The term 'shall' whenever used in this Act shall be construed as indicating mandatory provisions in this Act."

Back in 1951 the city council of South Houston designated the South Houston Mirror, a weekly newspaper, as the newspaper in which all official notices, etc., should be published. And since that time all official notices, etc., including the notice relative to the election here in question on bonds, have been published in said newspaper. Appellants state, and appellees do not deny, that said newspaper does not have any paid circulation. But such fact is not here to the purpose. Furthermore, the court specifically found that all the statutory requirements relative to newspapers in which such notice was to be published, and what constitutes a newspaper, were met by the South Houston Mirror, except one, namely, it was not entered as "second class postal matter", but as third class postal matter.

Under the court's findings of fact, the South Houston Mirror unquestionably qualifies as a newspaper. It had all of the statutory requirements of a newspaper in which a notice of a bond election should be published, unless the requirement that it be entered as second class postal matter be such a statutory requirement. The court found that said newspaper devoted not less than 25% of its column lineage to the carrying of items of general interest, was published not less frequently than once a week in Harris County, South Houston, and had been so regularly published continuously since November of 1951 when it was designated as the official paper of South Houston for the publication of notices, etc. Thus the purpose which the Legislature had in mind was duly served because the notice was brought home to the voters in a paper of general circulation and at the material times more than 1,000 copies of the paper were mailed out to the voters of South Houston. Furthermore, the purpose and result of such notice was brought home to the voters because more voters participated in said election than in any prior city election.

We are quite mindful of the fact that appellants are strongly contending that it was essential to the validity of the election that the South Houston Mirror should be entered as second class postal matter. However, appellants have not cited a single authority holding that there must be an absolute literal compliance with the statutory requirements as to the character or kind of newspaper in which there is to be a publication of notice of the holding of a

bond election. Turner v. Lewie, supra, upon which appellants rely heavily to support their contention that merely because the South Houston Mirror was not registered as second class postal matter the bond election was void, does not support their contention. That case, among other things, holds [201 S.W.2d 88], "It is usually held that the required notice of a special election constitutes a condition upon which authority is granted to hold an election, and that *there must be a substantial compliance with the law."* (Emphasis supplied.) In other words, we here make the well known distinction between a substantial as contradistinguished from a literal or absolute compliance with the requirements. In all domains of law, unless it is otherwise provided, either expressly or by necessary implication, a substantial compliance with the specified requirements is the legal equivalent of compliance. However, while it is not necessary to our holding in this case, we have concluded that by reason of the language of Article 704 that portion of section 2 of Article 28a, which requires that publication be in a newspaper which is entered as second class postal matter in the county where published, is not binding; or, if it is binding, it is directory and not mandatory. This because, as noted hereinabove, the provisions of Article 704 conclude with this language, "The provisions of this Article shall control over any city charter provisions to the contrary. *Except as herein provided, the manner of holding said election shall be governed by the laws governing general elections."* (Emphasis supplied.)

■ Thus, it appears that the Legislature put in words of exclusion so as to provide that the manner of holding said election shall be governed by the laws governing general elections. It has been so frequently held that the provisions for the holding of an election which is governed by the laws governing general elections are to be interpreted as directory and not mandatory, the Legislature thus gave undeniable evidence of their purpose that ex-

cept as so provided in Article 704 the requirements should be merely directory and not mandatory.

■ It is a fact upon which appellants rely that the South Houston Mirror was printed or mechanically produced in nearby and adjoining Brazoria County. It is undisputed that said paper was mailed or released to the public in the City of South Houston. Appellants' contention that the South Houston Mirror was published in Brazoria County merely because it was printed or mechanically produced there is without merit. Appellees affirm and appellants do not deny that the Honorable Price Daniel, in "Texas Publication Laws," page 11, gave it as his opinion that a newspaper may be printed in another county but is published in the county where it is mailed out. The State Attorney General's Office, in Opinion No. C–7286, ruled "A paper is published at the time and place where it is released to the public, not where it is mechanically produced. We so held in our Opinion No. C–7112 * * *." Such ruling by the Attorney General's Office is too clear to need support by authority or reason.

■ We hold that the votes cast at the election were not void because of any failure to number the ballots cast at the election in such a way as to tie each ballot into and identify it with the poll list and the voter who cast it. See Wood v. State ex rel. Lee, 133 Tex. 110, 126 S.W.2d 4, 121 A.L.R. 931, and Reynolds v. Dallas County, Tex.Civ.App., 203 S.W.2d 320. Nor did the judges of the election fail in any way to do their prescribed duty. See Christy v. Oliphint, Tex.Civ.App., 291 S.W.2d 406. The cited case grew out of the same election held in South Houston on April 5, 1955, as did this contest, and our holding in Christy v. Oliphint, supra, disposes of all other points raised by appellants and not ruled upon herein.

The judgment of the trial court is affirmed.