Richard TELLES, Appellant,

v.

Enrique VASCONCELOS, Appellee.

No. 5892.

Court of Civil Appeals of Texas.

El Paso.

July 5, 1967.

Rehearing Denied July 26, 1967.

Owen & Steinberger, Ben A. Endlich, Sam J. Dwyer, Jr., El Paso, for appellant.

William L. Merkin, Victor R. Arditti, El Paso, for appellee.

## OPINION

CLAYTON, Justice.

Vasconcelos, plaintiff below, filed this suit to recover for personal services allegedly rendered by plaintiff for defendant, appellant here. In his amended pleadings plaintiff alleges that he and defendant entered into a verbal contract on or about January 3, 1963 whereby plaintiff was to act for defendant as his private secretary in the latter's capacity as a County Commissioner of El Paso County, receiving the mail and answering the phone in the Commissioners' office on certain mornings during the week, keeping note of telephone calls for defendant or constituents who called upon defendant while he was out of the office, and holding himself available for defendant during the afternoons or perhaps evenings when required to accompany defendant to rallies or meetings, writing speeches and being in readiness to aid defendant when and in the manner required by defendant. That for such services plaintiff was to receive from defendant a salary of $250.00 per month. In performance of these duties, plaintiff alleges that he worked for defendant for approximately 18 months up to and including June 30, 1964 without pay, although he had on various occasions made requests of defendant that he be paid, which requests were put off by assurances and excuses of defendant until plaintiff terminated his employment on June 30, 1964.

In the alternative, plaintiff relied on quantum meruit for the amount of $4,500.00, the fair and reasonable value of the work done and services performed for defendant.

In the further alternative, plaintiff alleged substantial performance of the conditions of the verbal contract between himself and defendant, and although defendant, during such period of 18 months, received the benefits of plaintiff's efforts, labor and services, amounting to $4,500.00 defendant repudiated the contract and agreement between the parties, by not paying the plaintiff. Plaintiff further alleged malice and asked for exemplary damages of $4,500.00 and attorney's fees of $2,500.00.

Trial was to a jury, which returned the following answers to special issues:

1. That defendant agreed to hire plaintiff as a private secretary at $250.00 per month salary.

2. That plaintiff agreed to work for defendant as a private secretary at $250.00 per month salary.

3. Plaintiff did *not* perform services for the defendant as a private secretary at $250.00 per month salary.

4. Conditioned upon an affirmative answer to Issue No. 3, this issue was not answered.

5. Conditioned upon the negative answer to Issue No. 3, the jury found that plaintiff *did* perform services for the defendant as a private secretary for the defendant.

6. The defendant knowingly accepted the benefit of plaintiff's services as a private secretary.

7. The amount of $4,000.00 would fairly and reasonably compensate plaintiff for his services as a private secretary to defendant.

8. The amount of $2,500.00 would compensate plaintiff's attorney for his services rendered the plaintiff.

9. That the services of plaintiff for defendant were *not* performed for the defendant in the defendant's official capacity as a County Commissioner of El Paso County.

After motions for judgment by both plaintiff and defendant, the court entered judgment for plaintiff in the amount of $4,000.00 plus attorney's fees in the amount of $2,500.00 and defendant perfected this appeal. Appellant presents thirteen points of error in which he urges that the trial court was in error in:

1. Overruling defendant's motion for judgment on the verdict.

2. Overruling defendant's motion for continuance.

3. Rendering judgment on the verdict for there was no evidence, or insufficient evidence to sustain the jury's findings, nor sufficient evidence to prove the allegations contained in plaintiff's second (first?) amended original petition.

4. Rendering judgment for plaintiff as there is an irreconcilable conflict in the jury's answers to the special issues submitted.

5. Allowing plaintiff to recover judgment against defendant on the basis of his being a private secretary to the defendant in his official capacity as a County Commissioner of El Paso County.

6. In granting judgment on the jury's verdict based on its answers to Special Issues Nos. 5, 6 and 7.

7. Refusing to submit certain special issues requested by defendant.

8. Rendering judgment for attorney's fees in behalf of plaintiff.

9. Submitting the special issues submitted as there was no evidence, or insufficient evidence to sustain a jury finding thereon.

10. Overruling defendant's special exceptions.

11. Overruling defendant's motion for summary judgment.

12. Overruling defendant's motion to set aside and vacate the judgment.

13. Overruling defendant's motion for new trial.

■ The first point of error attacks the action of the court in overruling the defendant's motion for judgment on the verdict. Appellant takes the position in his motion that the jury's answer to Special Issue No. 9 fails to support the Plaintiff's pleading that the agreement between the parties was for plaintiff to work for defendant as his private secretary "in his capacity as a County Commissioner of El Paso County, Texas" whereas the jury found, in answer to Special Issue No. 9, that the services of plaintiff for defendant were not performed in defendant's official capacity as a County Commissioner (embodied in defendant's fifth point of error). Further, that the jury's answers to Issues Nos. 1 and 2 showed that plaintiff and defendant had entered into a contract of employment, but by the answer to Issue No. 3, that plaintiff did not perform the services thereunder but breached the contract and therefore was not entitled to recover. That since plaintiff could not, under the verdict, recover for his services, he was not entitled to recover attorney's fees under Article 2226, Vernon's Ann.Tex.St., nor is the attorney entitled to recover his fees, since he is not a party to this suit.

It is our opinion that appellant's position, as reflected in his motion for judgment on the verdict, arises from a misconception of the meaning of the jury's answers to the

special issues referred to in the motion. It seems to us quite evident that the jury found that although the parties had agreed upon a monthly salary of $250.00 to be paid the defendant, that the latter's actual services were not performed on the basis of that salary, but on some lesser amount, as reflected by the jury's answer that $4,000.00 would fairly and reasonably compensate him for the approximately 18 months of service which is brought out in the evidence and which was claimed in the pleadings, which would have amounted to $4,500.00. Nor would this be at variance with plaintiff's pleading of substantial compliance. Under these pleadings of substantial compliance, we believe that the testimony shows, while the performance by plaintiff of the services for defendant were not precisely in accordance with their oral agreement, the services were substantially in compliance with those outlined in the oral agreement and complied with the conditions set out in Christy v. Williams, 292 S.W.2d 348, 352 (Tex.Civ.App., 1956; err. dism., w. o. j.):

> "In all domains of law, unless it is otherwise provided, either expressly or by necessary implication, a substantial compliance with the specified requirements is the legal equivalent of compliance."

In our view of this record, the first point of error must be overruled.

■ Appellant briefs his fifth point of error along with his first point. In the fifth point, as stated, appellant calls attention to the jury's answer to Special Issue No. 9, saying that plaintiff had breached his agreement by not performing his services for defendant in the latter's official capacity "as a County Commissioner of El Paso County, Texas." In support of this point, defendant had produced a Chief Deputy County Clerk and an Assistant County Auditor of El Paso County to testify that the Commissioner's Court Minutes did not reflect that plaintiff had been appointed or employed by the County in any capacity whatever, nor did

his name appear on the County payroll. This is the basis of the jury's answer to Special Issue No. 9. But this proof does not conflict with the plain intent of the pleadings that defendant, an official of the County, had agreed to employ plaintiff to serve him as *private* secretary, with which agreement the plaintiff had sufficiently complied, as the jury found in answer to Special Issues Nos. 5 and 6. The record shows that it has never been contended by the plaintiff that he was hired in any official capacity by the County and the County was never made a party to this suit. The fifth point of error is overruled.

As to the second point of error, relative to the overruling of defendant's motion for continuance, there is no showing that in doing so the court abused his discretion to the prejudice of defendant, and this point must be overruled. See Erback v. Donald, 170 S.W.2d 289, 291 (Tex.Civ.App., 1943; ref., w. o. m.):

> "In 9 Tex.Jur., 670–676, will be found discussions and citations of authorities pertaining to continuances sought on the ground of absence of a party to the litigation. A motion for such a continuance is addressed largely to the discretion of the trial court. His action will not be disturbed on appeal unless there has been a clear abuse of discretion. Mere absence of the party is not enough to entitle him to a continuance. It must be shown both that the absent party had a reasonable excuse for not being present, and that his absence resulted to his prejudice. A reasonable excuse for the absence will not require a reversal where no prejudice is shown."

■ Appellant then briefs together his third, sixth and ninth points of error by merely pointing out what has been said under the fifth point of error, above, that plaintiff's name does not appear in the Minute Records of the County, or the payroll. In so far as these points assert "no evidence" or "insufficient evidence", we apply the accepted tests: for "no evi-

dence", the reviewing court considers only the evidence favorable to the jury's finding and must sustain the finding if there is evidence of probative force to support it. Hartford Accident & Indemnity Company, v. Gant, 346 S.W.2d 359, 360, and Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696, 698. For "insufficiency of the evidence", we must consider and weigh all the evidence and set aside the verdict and remand for a new trial if we conclude that the finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. All the evidence is considered—that which supports the verdict as well as that which is against it. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661. Under the accepted tests, we find evidence, and sufficient evidence, to sustain the jury's findings complained of, and therefore overrule the third, sixth and ninth points of error.

The fourth point of error, relative to an irreconcilable conflict in the jury's answers to special issues, is not briefed by appellant, so we are not informed as to just what is being claimed as an irreconcilable conflict in the jury's answers (except for statements contained in his motion for new trial). However, we believe that we have probably touched on plaintiff's contention in our discussion of the first point of error, and we overrule the fourth point.

■ The seventh point of error is that the trial court erred in refusing to submit certain special issues which were requested by the defendant. These requested issues are not set out in the point of error, but in his brief the appellant listed requested issues, as follows:

"Requested Special Issue Number One reads as follows:

"Do you find from a preponderance of the evidence that under the agreement, if any, between the Plaintiff and the Defendant, the parties agreed that the Defendant was to employ the Plaintiff for a period of four years beginning January 3, 1963? Answer 'yes' or 'no'

"Requested Special Issue Number Two reads as follows:

"Do you find from a preponderance of the evidence that the agreement between the Plaintiff and the Defendant was an oral agreement? ANSWER: "it was an oral agreement or 'it was not an oral agreement'

"Requested Special Issue Number Two A reads as follows:

"Do you find from a preponderance of the evidence that the Plaintiff after the Defendant breached his agreement, if you so found, failed to minimize the damages he sustained as a result of said breach? Answer 'we so find' or 'we do not so find.'

"Requested Special Issue No. Three reads as follows:
"Do you find from a preponderance of the evidence that the Defendant breached his agreement with the Plaintiff? Answer 'yes' or 'no'

"Requested Special Issue No. Four reads as follows:

"From a preponderance of the evidence on what date do you find that the Defendant breached his agreement with the Plaintiff?"

These requested special issues were refused by the court. Appellant in his pleadings and deposition denied that there had been any contract between the parties, or if there was one, it was in violation of the Statute of Frauds. The only testimony supporting the first requested special issue is taken from the Statement of Facts which, in turn, refers to a previous oral deposition of plaintiff taken on March 22, 1966, as follows:

"A He sat in a chair that I have right there close to my bed, to the head of my bed, and said the following:—"

Q Mr. Telles said this.

A —'Brother Vasconcelos, I owe you so many favors, I have thought that during my term of four years, you will be my private secretary, and I promise you from this instant a salary of $250.00 per month. Here's a key to the office.' And turned it over to me.

Q Was that the truth that you were testifying to on March 22, 1966?

A I'm going to answer that. That was a verbal promise that he made to me of a job and salary without any compromise on his part or on mine, four years, three or one or one month or two. If he was satisfied with my services and I with the treatment that he was affording me, then I would continue, but at any time that I would want to, he had no obligation to me nor I to him, I could quit.

Q Sir, the question to you was if you testified to this statement: 'Brother Vasconcelos, I owe you so many favors, I have thought that during my term of four years, you will be my private secretary, and I promise you from this instant a salary of $250.00 per month. Here's a key to the office.' 'And turned it over to me.' Now, my question to you is if you testified to that on March 22, 1966, that's all I want to know.

A Yes, yes, sir, but at that time I didn't understand it to be that I was obligated to work for him for four years. I came to work for him under the understanding, without any compromise on his part or mine or any obligation on his part or mine to continue working for four years, three years, two or one month or whatever it should be."

As to the second requested instruction, there was no testimony, and therefore no issue, as to any agreement between the parties being other than an oral agreement. Regarding the other requested issues—breach of agreement by defendant and the time of such breach—these seem to be legal matters for the court to rule on from the facts adduced. We are of the opinion that there was no reversible error or abuse of discretion on the part of the court in overruling the requests for special issues. We accordingly overrule the seventh point of error.

■ The eighth point of error charges error of the court in rendering judgment for attorney's fees in behalf of plaintiff, without any showing that plaintiff had conformed with the requirements of Article 2226 V.A.T.S. That Article reads:

"Any person having a valid claim against a person or corporation for personal services rendered, * * * may present the same to such person or corporation or to any duly authorized agent thereof; and if, at the expiration of thirty (30) days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such person or corporation, he may also recover, in addition to his claim and costs, a reasonable amount as attorney's fees, if represented by an attorney."

The testimony relative to plaintiff's claims for payment of his salary is:

"Q When did you make a request for your wages formally, sir?

A The first time in the month of June.

Q That's June, 1963?

A Yes, sir. At that time he said for me to please—for me to please excuse him because the business the cigarette business that he has established on Seventh Street was in bad shape and that all of his salary which he was earning as a Commissioner, was being employed, being employed there and he was leav-

ing just enough for the necessities of the home, but for me not to worry, that he would pay me at either way, in either way he'd pay me, in some way he'd pay me.

Q Did he acknowledge when you asked for your wages in June of 1963, the fact that he owed you for five or six months of wages at $250.00 a month?

A Yes, sir.

Q Did you ever have occasion to again formally ask for your money after June of 1963?

A I called his attention to it on a second occasion in October of that same year, and he gave me the same execuses, the same excuses, the same promises that he would pay me some way."

\* \* \* \* \* \*

"Q All right, sir. Now, after October of 1964, did you ever make another demand on him for wages?

A Yes, the third was in the month of February.

Q Was that 1964 now?

A Yes, sir."

The wording of the issue here under attack is Issue No. 8 which reads:

"From a preponderance of the evidence what amount of money, if now paid in cash, would fairly and reasonably compensate the Plaintiff's attorney, William L. Merkin, for his services rendered the Plaintiff, if any?"

to which the jury answered $2,500.00. This amount was awarded by the court's judgment to the plaintiff, Enrique Vasconcelos, to reimburse him for the amount he would have to pay the attorney for his services and we believe that the requirements of Article 2226 V.A.T.S. have been complied with. Hudson v. Smith, 391 S. W.2d 441, 451 (Tex.Civ.App., 1965; ref.,

n. r. e.). We overrule the eighth point of error.

The tenth and eleventh points of error assert that the trial court erred in overruling the defendant's special exceptions and motion for summary judgment. These are not set out, except by reference to the transcript and the following statement as to Paragraph I of such special exceptions, reading as follows:

"The Plaintiff as basis for his cause of action seeks to recover an alleged salary for work allegedly performed by him as a private secretary to the Defendant in his capacity as a County Commissioner of El Paso County, Texas.

"Under the laws of this State any person performing duties of a county employee must be appointed by the Commissioners Court and salary fixed by the Commissioners' Court and is contrary to public policy for any person to perform the duties of a county official or of a county employee who is not employed according to law and the alleged contract and services are being contrary to law and public policy of the State even if true, which Defendant denies, are unenforceable and illegal and as a matter of law Defendant is entitled to a judgment dismissing said suit."

We have already treated this matter in this opinion relative to the fifth point of error, and found that such position reflects a misconception on the part of appellant, and the fifth point was overruled. Since all paragraphs of the special exceptions and the motion for summary judgment rely on the reasons set forth in paragraph I and are to be disposed of in the same manner, the tenth and eleventh points of error are overruled.

The twelfth and thirteenth points of error are set out in appellant's brief as follows:

"Twelfth and Thirteenth Points: The trial court erred in overruling the Defendant's Motion to Set Aside and Va-

cate the Judgment * * * and also erred in overruling the Defendant's Amended Motion for a New Trial * * * for the reasons and under the authorities cited hereinabove in the discussion of Points of Error No. One through No. IV."

Since we have already reviewed these points of error, we deem it unnecessary to repeat here, and overrule these points of error.

Having examined all points of error and finding no error, the judgment of the trial court is in all things affirmed.