**McCRACKEN CONSTRUCTION CO., INC.,**
**Appellant,**

v.

**Ruben URRUTIA and O. R. Gonzalez d/b/a**
**Southside Wrecking and Salvage**
**Co., Appellees.**

No. 6413.

Court of Civil Appeals of Texas,
El Paso.

Dec. 18, 1974.

Glenn E. Woodard, El Paso, for appellant.

Bruce M. Miller, El Paso, for appellees.

## OPINION

OSBORN, Justice.

The dispute between the parties in this case arises from two written Construction Subcontracts and work performed under the terms of those agreements. Based upon a jury verdict, which included a finding of a mutual mistake as to a provision for compaction and leaving the work sites level or graded for paving, judgment was entered for Appellees for the sum of $3,900.00, as provided for in the two agreements, plus a stipulated amount for attorney's fees. We reverse and remand.

In August, 1972, bids were submitted by Southside Wrecking and Salvage Co. to McCracken Construction Company to furnish all labor and equipment to demolish and remove from the site an old grocery store building for $3,500.00, and to furnish all labor and equipment to demolish and remove from the site an old service station for $1,100.00. After some negotiations, the Construction Subcontracts were signed in September with the grocery store job to be

completed for $2,900.00 and the service station job to be completed for $1,000.00. With one exception, all salvage material was to become the property of Appellees, as subcontractors. The contract for the removal of the old grocery store building provided that the subcontractor would leave the "site graded for paving" and the contract for removal of the old service station provided for "removal of all tanks, and compaction, leaving the site level for paving," and each agreement called for a complete demolition job.

Appellees contended that at the time Mr. Urrutia signed the agreements for the wrecking company and returned them to McCracken Construction Company, the provisions for grading, compaction and leveling the two sites were not in the agreements and that the provisions were added at a later time. In fact, Mr. Urrutia testified that he signed the agreements without such clauses, delivered the contracts to McCracken Construction Company for Mr. McCracken's signature and then went back and got his copies and found the clauses had been added. He said he called this to Mr. McCracken's attention and was told "Don't worry, I won't hold you to it." Mr. McCracken denied this, and said the clauses were in the contracts when Mr. Urrutia signed them, and he denied any other discussion with the subcontractors about those provisions of the contracts. His secretary who prepared the contracts corroborated his testimony, as to such provisions being in the contracts when they were originally picked up by Mr. Urrutia for execution.

After Appellees began the work, but before it was completed at each job site, Appellant moved onto the job some equipment, including a loader and trucks, in order to complete the job within the time required by the contracts. A dispute arose as to whether Appellees could have completed the job within the required time, and who was responsible for Appellant's equipment which was used in finishing the jobs, and whether Appellant gave Appellees notice before taking over and completing the jobs.

In answer to Special Issue No. 1, the jury failed to find that the clauses as to grading, compaction and leveling the job sites were inserted into the contracts after Mr. Urrutia signed them. But in answer to Special Issue No. 2, the jury found such provisions were inserted into the contracts through mutual mistake of the two parties to the contracts. By its first point of error, Appellant asserts that the trial Court erred in overruling its objections to Special Issue No. 2 because there was no pleading of a mutual mistake. Other points of error assert that there is no evidence and insufficient evidence to authorize the submission of any special issue on mutual mistake.

In reply, Appellees concede that Appellant's first point of error is well taken because there is no pleading alleging a mutual mistake of the parties. Nevertheless, Appellees contend the case should be affirmed because there is evidence to support a viable theory of recovery as pled and proved in the case.

We sustain Appellant's first point of error. An objection was made to Special Issue No. 2 on the ground that there was no pleading as to mutual mistake. The overruling of this objection was the first assignment of error in the amended motion for new trial. Rule 277, Texas Rules of Civil Procedure, provides that the court shall submit the case to the jury upon special issues raised by the written pleadings and the evidence in the case. There must be pleadings which raise a ground for recovery in order for jury findings to support a judgment. Murray v. Brazzel, 438 S.W.2d 382 (Tex.Civ.App.—Waco 1969, writ ref'd n. r. e.).

The jury did find in answer to Special Issue No. 4 that Appellees "substantially performed the work contracted for, less the compaction and leaving the sites level or graded for paving, on the two jobs

in question." But as shown by the evidence, the part excepted, viz., compaction, leveling and grading, was a substantial part of the job itself which required considerable heavy equipment to complete that one phase of the work. That was the reason Appellees say they originally complained about such provisions in the contracts before the work began. Had Appellees obtained a favorable finding on Special Issue No. 1, or had there been pleadings and evidence to support the finding on Special Issue No. 2, then the compaction, leveling and grading work would have been avoided and Appellees released from the performance of that part of the contracts. But without valid findings on Special Issues Nos. 1 or 2, the finding on Special Issue No. 4 cannot support the trial Court's judgment. The jury could not determine that the work was substantially performed, when there was an exception included in the special issue of a substantial part of the work which Appellees were still obligated to perform and from which they had not been relieved of performance by a valid jury finding. By reason of the exception added onto Special Issue No. 4, there could be no finding of the legal equivalent of compliance with the contracts, which would constitute substantial compliance. Telles v. Vasconcelos, 417 S.W.2d 491 (Tex.Civ.App.—El Paso 1967, writ ref'd n. r. e.).

█ Special Issues Nos. 5 and 6 with the jury's answers are as follows:

"5.

"What sum of money, if any, do you find from a preponderance of the evidence would have been the reasonable cost to the Plaintiffs or Defendant to complete the work on the two job sites not including the compaction and leaving the sites graded or level for paving?

ANSWER IN DOLLARS AND CENTS, OR NONE.

WE ANSWER: NONE.

"6.

"Do you find that McCracken Construction Company, prior to the completion time called for in the contracts, Plaintiffs' Exhibits 1 and 2, wrongfully intervened and prevented the Plaintiffs from completing the work within the time limits, excluding the compaction and leaving the sites graded or level for paving?

ANSWER 'YES' OR 'NO.'

WE ANSWER: YES."

Not having been relieved of the compaction, grading and leveling work, under other jury findings, as noted herein, Appellees were relieved of completing that work because of the Appellant's wrongful interference as found in answer to Special Issue No. 6. But in such an instance, Appellees' damages would not be the full contract price. Tower Contracting Company v. Flores, 157 Tex. 297, 302 S.W.2d 396 (1957).

█ In Kleiner v. Eubank, 358 S.W.2d 902 (Tex.Civ.App.—Austin 1962, writ ref'd n. r. e.), the Court stated the rule as follows:

"In Texas it is an established rule of law that where, as here found by the jury, the employee (builder) is prevented by the employer (owner) from completing the performance of his contract, he is entitled to recover for the part performed and the damages he has sustained by reason of the breach of contract by the employer. Carroll v. Welch, 26 Tex. 147. It is also established law that where an owner wrongfully interferes with a contractor and prevents his completion of the contract, the proper measure of damages where the contractor sues on the contract is the contract price less what would have been the cost to the contractor of completing the work, but that this is not the sole measure of damages since the contractor may treat the contract as rescinded and recover under quantum meruit the full value of

the work done. Tower Contracting Company v. Flores, Tex.Civ.App., 294 S.W.2d 266, 272, 273; mod. and aff. 157 Tex. 297, 302 S.W.2d 396, 399."

In our case, no damage issue was submitted which would permit the recovery of such damages herein. Special Issue No. 5 did not inquire as to the cost of completing the entire job, thus judgment could not be entered for the full amount of the contracts, less the cost of completing the full job, because there was no jury finding on that issue. Neither was there a finding which would permit recovery in quantum meruit for the work performed. In the interest of justice, the case is remanded for a new trial upon all theories of liability and damages properly raised by the pleadings and evidence in a new trial.

The judgment of the trial Court is reversed and the cause remanded for a new trial.