

# The Attorney General of Texas

October 31, 1977

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4814 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Jerry W. Woodlock
District Attorney
Cooke, Jack & Wise Counties
Gainesville, Texas 76240

Opinion No. H-1081

Re: Whether legal notices
may be published in papers
entered as third class post-
al matter.

Dear Mr. Woodlock:

You inquire whether a city may use a publication qualified
only as third class postal matter for the publication of legal
notices. Article 29a, V.T.C.S., provides that where any law
"requires the giving of any notice, the making of any procla-
mation or advertisement, or the service of any citation by
any . . . political subdivision . . . by publication in a news-
paper" the publication should be made in a newspaper as defined
in article 28a. Article 28a provides in part:

> The following terms shall, unless the
> context indicates otherwise, have the
> following respective meanings:
>
> . . .
>
> (2) The term "newspaper" shall mean
> any newspaper devoting not less than
> twenty-five per cent (25%) of its total
> column lineage to the carrying of items
> of general interest, published not less
> frequently than once each week, entered
> as second-class postal matter in the
> county where published, and having been
> published regularly and continuously for
> not less than twelve (12) months prior
> to the making of any publication men-
> tioned in this Act, except that any weekly
> newspaper shall be allowed to omit two
> (2) publication issues in twelve (12)
> months and still retain its status as a
> newspaper eligible to make any publica-
> tion mentioned in this Act.

(3)   The term "political subdivision"
shall include cities, towns, and villages,
but this definition shall not be exclusive.

Article 1025, V.T.C.S., requires the city council to contract
"with a public newspaper of the city as the official paper
thereof," and to publish therein all notices required to be
published by title 28, V.T.C.S.  You wish to know whether a
city may adopt as its official paper a newspaper that does not
comply with article 28a, in that it is entered as third class
postal matter, instead of second class.

In Christy v. Williams, 292 S.W.2d 348 (Tex. Civ. App. --
Galveston 1956), writ dism'd, w.o.j., 298 S.W.2d 565 (Tex.
1957), the court considered the validity of notice of a special
election, which was published in a newspaper that met all re-
quirements of article 28a (2), except that it was entered at
third class postal matter.  The court stated that there must
be substantial compliance with the laws requiring notice of a
special election, and held that notice given in that case con-
stituted substantial compliance.

We do not believe Christy v. Williams authorizes a city to
ignore the clear language of article 28a.  Even if the substantial
compliance standard might save an improper notice after the fact,
we do not believe it authorizes a governmental body to ignore the
specific requirement of the statute.  When the substantial com-
pliance standard is applicable, whether it has been met depends
on the facts of each case.  See Pena v. Salinas, 536 S.W.2d 671
(Tex. Civ. App. -- Corpus Christi 1976, no writ); Trussel v. Fish,
154 S.W.2d 587 (Ark. 1941).  Thus, we cannot predict in advance
that notice by publication in a newspaper entered as third class
matter will in fact substantially comply with a particular notice
statute.

Although Attorney General Opinion C-514 (1965) stated on
the authority of Christy v. Williams that the provision of
article 28a (2), V.T.C.S., on second-class matter was directory
only, that statement must be limited to its context.  The news-
paper discussed in C-514 in fact strictly complied with the
requirements of article 28a.  See also Tex. Att'y Gen. Op.
No. 2993-C (To Honorable Herman Price, Jan. 7, 1937), 1936-1938
Tex. Att'y Gen. Bien. Rep. 24.

## S U M M A R Y

Unless the context indicates otherwise,
a newspaper used for legal notices must
meet the requirements of article 28a,
including entry as second class postal
matter in the county of publication.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst